AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

FILED
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

MAR 27 2023

MITCHELL R. ELFERS
CLERK OF COURT

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )  Case No. 23-659 MR
)
Nokia cellular smart phone in a blue case )
(Subject Telephone #2) )

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

a Nokia cellular smart phone in a blue case (Subject Telephone #2), more fully described in Attachment A-2, which is attached and fully incorporated herein.

located in the _____ District of ____New Mexico____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, attached and fully incorporated herein.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. 1324 | Transporting Illegal Aliens |

The application is based on these facts:
See attached affidavit, Attachment C, which is attached and fully incorporated herein.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days: _____)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

Ryan Beck, HSI Special Agent
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
telephonically sworn and electronically signed.    *(specify reliable electronic means)*.

Date: 3/27/23

_____
Judge's signature

City and state: Las Cruces, New Mexico      Gregory J. Fouratt, United States Magistrate Judge
Printed name and title

## ATTACHMENT A-2

## PROPERTY TO BE SEARCHED

The affidavit, *see* **Attachment C**, is submitted in support of the warrant to search and seize information, more fully described in **Attachment B**, contained in the following electronic device (referred to in **Attachment B** and **Attachment C** as Subject Telephone #2):

### Subject Telephone #2

Subject Telephone #2 is described as a Nokia cell phone in a blue case. It was seized by agents from David AVALOS-Solis at the time of his arrest on March 21, 2023. Subject Telephone #2 is currently located at the HSI office in Las Cruces, New Mexico and is depicted below:

 

(Photographs of Subject Telephone #2)

Page **1** of **1**

## ATTACHMENT B

## PARTICULAR THINGS TO BE SEIZED/INFORMATION TO BE RETRIEVED

The particular things to be seized include all records, in whatever format, stored on Subject Telephone #1 and Subject Telephone #2 as described in **Attachment A-1** and **Attachment A-2**, respectively, that are related to violations of 8 U.S.C. § 1324 by David AVALOS-Solis, including:

1. Digital, cellular, direct connect, and/or other phone numbers, names, addresses, and other identifying information of transporters, co-conspirators, and other associates of the user of Subject Telephone #1 and Subject Telephone #2;

2. Digital, cellular, direct connect, and/or other phone numbers dialed from, which contacted, or which are otherwise stored on Subject Telephone #1 and Subject Telephone #2, along with the date and time each such communication occurred;

3. Text message logs and text messages whether sent from, to, or drafted on Subject Telephone #1 and Subject Telephone #2, along with the date and time each such communication occurred;

4. Message logs and messages sent from, to, or drafted on, Subject Telephone #1 and Subject Telephone #2, through applications such as Facebook, WhatsApp, Snapchat, etc., along with the date and time each communication occurred;

5. The content of voice mail messages stored on Subject Telephone #1 and Subject Telephone #2, along with the date and time each such communication occurred;

6. Photographs or video recordings stored on Subject Telephone #1 and Subject Telephone #2;

7. Information relating to the schedule, whereabouts, or travel of the user of Subject Telephone #1 and Subject Telephone #2;

8. Information relating to other methods of communications utilized by the user of Subject Telephone #1 and Subject Telephone #2, as well as stored on Subject Telephone #1 and Subject Telephone #2;

9. Bank records, checks, credit card bills, account information and other financial records stored on Subject Telephone #1 and Subject Telephone #2; and

10. Evidence of user attribution showing who used or owned Subject Telephone #1 and Subject Telephone #2, such as logs, phonebooks, saved usernames and passwords, documents, and internet browsing history.

## ATTACHMENT C

## AFFIDAVIT IN SUPPORT OF ORDER AUTHORIZING SEARCH WARRANTS FOR SUBJECT TELEPHONE #1 AND #2

Your Affiant, Ryan Beck, having been duly sworn, does hereby depose and say:

1. I am a Special Agent of Homeland Security Investigations (HSI) assigned to the Office of the Assistant Special Agent in Charge, Las Cruces, New Mexico. As a Special Agent, I am empowered by Title 8 of the United States Code to effect arrests, searches, and seizures for violations of the federal immigration laws. I have been a Special Agent since September 2020. In addition, I served as a police officer certified through the state of New Mexico from June 2012 through September 2020. Since my tenure with HSI, I have received specialized training on the subject of human smuggling and have been personally involved in investigations concerning the subject matter.

2. I am familiar with the facts and circumstances of this investigation as a result of my personal participation in the investigation, discussions with other law enforcement officers who were involved in the investigation, and a review of reports written by other law enforcement officers concerning the investigation.

3. Through my training and experience, I know that human smugglers often maintain one or more cellular or "smart" telephones ("devices") which they utilize to further their human smuggling. Human smugglers use these devices to communicate operational directives and information concerning the conduct of the organization's illegal activities to other organization members, including their coordinators, transporters, and other co-conspirators. I know based upon my training and experience that timely communication of information between organizational members is critical to the overall success of an organization's illegal activities. The critical nature of this information is derived from the necessity of the organization's management to provide instructions for the entry, housing, care, and transportation of smuggled humans, as well as the subsequent laundering of the proceeds of these illegal activities.

4. I further know from my training and experience, that a cache of information including dialed, received, or missed calls and text messages sent, received or placed in draft status, can be found on these devices. I know that the identities and telephone numbers of other participants in the human smuggling activity are maintained in the contact lists of these devices. In my experience, human smugglers also use these devices to take and store photographs or video recordings of themselves with their co-conspirators and with contraband including narcotics, currency and firearms. Human smugglers also use the GPS or location applications of these devices, which can reveal their whereabouts when they conducted or arranged human smuggling related activities or travel. In addition, human smugglers also use these devices to store information related to the financial transactions that occur during the course of their human smuggling, such as financial accounts and transactions. In my experience, the

devices used by human smugglers often contain evidence relating to their smuggling activities including, but not limited to: contact lists, lists of recent call activity, stored text and voice mail messages, messages transmitted through applications, photographs and video recordings, GPS and location information, and financial accounts and records.

5. The following information is based upon my personal knowledge as well as information provided by other federal, state, or local officers and is presented as probable cause to search a Motorola cellular smart phone contained in a black case (hereafter referred to as "Subject Telephone #1") and a Nokia cellular smart phone contained in a blue case (hereafter referred to as "Subject Telephone #2"). Subject Telephone #1 and Subject Telephone #2 were in the possession of David AVALOS-Solis at the time of his arrest within Luna County, New Mexico, on March 21, 2023, and were thereafter seized.

6. Because this affidavit is being submitted for the limited purpose of establishing probable cause, I have not included each and every known fact regarding the instant investigation. More specifically, I have set forth only pertinent facts that I believe are necessary to establish probable cause to search Subject Telephone #1 and Subject Telephone #2 for evidence of violations of 8 U.S.C. § 1324.

7. The request to search Subject Telephone #1 and Subject Telephone #2 is based on the following facts:

    a. On March 21, 2023, a deputy from the Luna County Sheriff's Office was on duty in the area of New Mexico State Road (NMSR) 26 in Luna County when he observed a white 1998 Ford E Super Duty recreational vehicle (RV) bearing Texas license plate "RLT6855" traveling on NMSR 26 near Deming, New Mexico. The deputy observed that the RV was failing to maintain its lane of travel in that its tires touched the edge line of the roadway multiple times. The deputy subsequently conducted a traffic stop of the RV, which pulled over and came to a stop near mile marker 2.

    b. The deputy approached the RV and made contact with the driver, who identified himself as David Avalos-Solis. When the deputy asked Avalos-Solis for his driver's license, vehicle registration, and proof of insurance, Avalos-Solis exited the RV and walked around to the front passenger side of the RV to retrieve the documents instead of asking the female in the front passenger seat to retrieve the documents. During his interaction with Avalos-Solis, the deputy observed multiple subjects hiding behind a blanket in the back of the RV.

    c. United States Border Patrol (USBP) agents who had been in the area stopped to assist the deputy, who notified them of the subjects he had seen hiding in the back of the RV. While the deputy issued traffic citations to Avalos-Solis, agents spoke to the female in the front passenger seat, who admitted that she

    was a citizen of Guatemala who was not in possession of immigration documents that would allow her to remain in the United States legally.

d. Agents conducted an immigration inspection of the remainder of the RV's 20 occupants and discovered that they were all illegal aliens (IAs) who were not in possession of immigration documents that would allow them to remain in the United States legally.

e. Avalos-Solis and the 21 passengers were detained and transported to the USBP station in Deming for further investigation. Affiant responded and took custody of Avalos-Solis and his property, which included a Motorola cellular smart phone in a black case (Subject Telephone #1) and a Nokia cellular smart phone in a blue case (Subject Telephone #2), which had both been in his possession at the time of his arrest and of which he claimed ownership.

f. During a post-Miranda interview, Avalos-Solis stated that he was driving the RV from Chaparral, New Mexico to Albuquerque, New Mexico when somewhere along the way, the RV experienced a problem with its antenna. He stated that he pulled over to assess the situation with the antenna when the group of IAs emerged from the desert nearby and asked him for a ride. Avalos-Solis advised that he knew the subjects were IAs based on their location and appearance but agreed to transport them to Albuquerque. He further admitted that he had previously been arrested by USBP while transporting IAs and knew that transporting them was illegal but still chose to do so anyway.

g. At the time of his arrest, Avalos-Solis was found to be in possession of $1,156.83 in U.S. currency. He also advised that his phone number was 915-759-1025.

h. Affiant had previously been provided with information via a cooperating defendant that on multiple occasions, the cooperating defendant communicated telephonically with a subject who coordinated human smuggling activities taking place in southern New Mexico ("the MSO boss"). Your Affiant pulled the MSO boss's telephone number from the cooperating defendant's phone.

i. Using the MSO boss's telephone number, derived from the cooperating defendant's phone, Affiant obtained telephone call and text message records for the MSO boss that demonstrate that the MSO boss communicated with Avalos-Solis at the phone number Avalos-Solis identified as his to law enforcement, 915-759-1025.

j. Based on my training and experience, human smugglers typically will possess one or more phones to conduct their illicit activity. It is also common for

      human smugglers to attempt to conceal and separate information regarding their illicit activity on multiple phones.

l. Also based on my training and experience, human smugglers are frequently found to be in possession of abnormally large amounts of currency, which typically consist of the smugglers' payment for engaging in smuggling activities.

m. Based on the above information, there is probable cause to believe that evidence of violations of 8 U.S.C. § 1324 are located in Subject Telephone #1 and Subject Telephone #2. Therefore, I respectfully request that this Court issue search warrants for Subject Telephone #1 and Subject Telephone #2, more particularly described in Attachments A-1 and A-2, authorizing the seizure and examination of the items described in Attachment B.

Dated this 23rd day of March, 2023.

_____
Ryan Beck
Special Agent
Homeland Security Investigations

Electronically submitted and telephonically sworn to before me this 27th day of March 2023.

_____
Gregory J. Fouratt
United States Magistrate Judge